**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Terry Nelson and Clark Anderson,
*as Trustees of the Painters and Allied*
*Trades District Council No. 82 Health*
*Care Fund, and the District Council*
*82 Painting Industry Pension Fund,*
Terry Nelson and Mark Rislund,
*as Trustees of the Painters and Allied*
*Trades District Council 82 STAR Fund*,
Terry Nelson and Bill Sullivan,
*as Trustees of the Painters and Allied*
*Trades DC 82 Defined Contribution*
*Pension Plan,*
Timothy Maitland,
*as Fiduciary of the International Painters*
*and Allied Trades Industry Pension Fund,*
*the Finishing Trades Institute, and the*
*Painters and Allied Trades Labor*
*Management Cooperation Initiative,*
Terry Nelson and Robert Swanson,
*as Trustees of the Finishing Trades*
*Institute of the Upper Midwest Trust Fund,*
*The Painters and Allied Trades District*
*Council No. 82 Health Care Fund, the*
*District Council 82 Painting Industry*
*Pension Fund, The Painters and Allied*
*Trades District Council 82 STAR Fund,*
*the Painters and Allied Trades DC 82*
*Defined Contribution Pension Plan, the*
*International Painters and Allied Trades*
*Industry Pension Fund, the Finishing*
*Trades Institute, and the Painters and*
*Allied Trades Labor Management*
*Cooperation Initiative, and the Finishing*
*Trades Institute of the Upper Midwest*
*Trust Fund,*

　　　　　Plaintiffs,

Case No. 18-cv-1584 (JNE/SER)


**REPORT AND**
**RECOMMENDATION**

v.

Salomon Garcia,
*Individually and doing business as Valley*
*Drywall,*
Valley Drywall, Inc.,

Defendants.

STEVEN E. RAU, United States Magistrate Judge

This matter is before the Court on Plaintiffs' Second Motion for Entry of Default

Judgment  (ECF No. 18). The case was referred for Report and Recommendation under 28

U.S.C. § 636 and Local Rule 72.1. (ECF No. 27). A hearing was held on February 6, 2019.

(ECF No. 32).  Christy E. Lawrie appeared on behalf of the Plaintiffs and Defendants did

not appear. (*See* ECF No. 32). For the reasons stated below, the Court recommends that

Plaintiffs' motion be granted.

## I.    BACKGROUND

Plaintiffs are the trustees and fiduciaries of the Painters and Allied Trades District

Council No. 82 Health Care Fund, the District Council 82 Painting Industry Pension Fund,

the Painters and Allied Trades District Council 82 STAR Fund, the Painters and Allied

Trades DC 82 Defined Contribution Pension Plan, the International Painters and Allied

Trades Industry Pension Fund, the Finishing Trades Institute, the Painters and Allied

Trades Labor Management Cooperation Initiative, and the Finishing Trades Institute of the

Upper Midwest Trust Fund ("the Funds"). (*See* Compl., ECF No. 1). The Funds are multi-

employer jointly-trusteed fringe benefit plans created and maintained pursuant to 29 U.S.C.

§ 186(c)(5) and administered in accordance with ERISA. (Compl., at 2). Defendants are Salomon Garcia and Valley Drywall, Inc. ("Valley Drywall"). Valley Drywall was administratively dissolved in October 2017, but after its dissolution, Garcia continued to conduct business under the name Valley Drywall. (Compl., at 2–3).

Plaintiffs filed their complaint on June 7, 2018. (Compl.). Plaintiffs brought a breach of contract claim and requested damages under the contract and ERISA. Plaintiffs claim Defendants did not submit contributions to the Funds pursuant to a Collective Bargaining Agreement ("CBA"). (Compl., at 6). Plaintiffs claim the CBA requires Defendants to pay delinquent contributions, liquidated damages on any unpaid contributions, interest charges on these contributions, and all legal fees. (Compl., at 6–7). Plaintiffs also claim that ERISA entitles them to all legal fees and liquidated damages or double interest charges on any amounts due under ERISA. (Compl., at 7).

Plaintiffs also served Defendants on June 7, 2018. (ECF No. 4). Accordingly, Defendants' response to the Complaint was due on or before June 28, 2018. *See* Fed. R. Civ. P. 12(a) (giving a defendant twenty-one days to serve an answer after being served with the summons and complaint unless the party has timely waived service).

On July 2, 2018, after Defendants' time to respond had lapsed without any responses or appearances on their behalf, Plaintiffs applied for default against Defendants. (ECF No. 5). On July 6, 2018, the Clerk of Court entered default against Defendants. (ECF No. 8).

On July 31, 2018, Plaintiffs filed their first Motion for Entry of Judgment. (ECF No. 9). The Court denied Plaintiffs' motion without prejudice because of internal inconsistencies. (ECF No. 17). The funds listed in the memorandum and affidavit in

support of the motion, as well as the proposed order, differed from those listed in the Complaint. Despite this, Plaintiffs claimed the same amount of unpaid contributions in their complaint and motion papers.

Plaintiffs moved again for entry of judgment on November 28, 2018. (ECF No. 18). That motion was referred to the undersigned, (ECF No. 27), and this Court held a hearing on February 6, 2019. (ECF No. 32). No Defendant responded or appeared at the motion hearing. (*See* ECF No. 32).

## II.    DISCUSSION

### A.  Legal Standard

A defaulting defendant is deemed to admit every well-pleaded allegation in the complaint. *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). Although the default establishes a defendant's liability, the plaintiff must prove its entitlement to the requested damages. *Oberstar v. FDIC*, 987 F.2d 494, 505 n.9 (8th Cir. 1992); *see also Quality Carriers, Inc. v. Randolph*, No. 1:06–CV–1170, 2007 WL 2027281, at *1 (N.D.N.Y. July 9, 2007)  ("[T]he court may rely on detailed affidavits and documentary evidence to fix damages after a default judgment has been entered.").

Rule 55 sets out a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default. Fed. R. Civ. P. 55(a); *see also Norsyn, Inc. v. Desai*, 351 F.3d 825, 828 (8th Cir. 2003). Upon request of the plaintiff and an affidavit regarding the amount due, Rule 55(b) authorizes the clerk or court to enter against the defendant a default judgment for the amount claimed and costs. Fed. R. Civ. P. 55(b)(2); *see also Johnson v.*

*Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).").

ERISA provides additional rules for default judgments. 29 U.S.C. § 1132(g)(2). By enacting Section 1132(g)(2), Congress intended to preserve the private multi-employer pension plan system by ensuring that employers make the required contributions to the pension plans. *Iron Workers Dist. Council of West. New York, Vicinity Welfare & Pension Funds v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1506 (2d Cir. 1995); *see also Cent. States, Southeast & Southwest Areas Pension Fund v. Alco Express Co.*, 522 F.Supp. 919, 928 (E.D. Mich. 1981) ("The intent of this section is to promote the prompt payment of contributions and assist plans in recovering the costs incurred in connection with delinquencies."). When a court awards a default judgment against a defendant for contributions owed under a collective bargaining agreement, ERISA provides that the court must award: (1) the unpaid contributions; (2) an amount equal to the greater of interest on the unpaid contributions or liquidated damages; and (3) reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2). The unpaid contributions, interest, and liquidated damages generally are considered "sums certain" pursuant to the calculations mandated in ERISA and the parties' agreements. *Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984). The amount of attorney's fees, however, is not considered a sum certain as the "reasonableness of the fees requested by the [plaintiff] is a 'judgment call' which only the [c]ourt can make." *Id.* at 475.

### B. Analysis

This Court recommends granting the motion for default judgment because Defendants' deemed admissions establish Plaintiffs' claim for breach of contract, and because Plaintiffs' second motion has resolved earlier internal inconsistencies to now meet the requirements of Rule 55.

The allegations in Plaintiffs' Complaint, deemed admitted by Defendants through the entry of default, establish Plaintiffs' claims for breach of contract. Valley Drywall agreed to be bound by a CBA in February 2013 that renews annually unless a party gives written notice of termination. (Compl., at 3). The CBA imposes a number of requirements on Defendants. Defendants are required to contribute every month to the Funds in an amount set forth in the CBA for each hour worked by their employees covered by the CBA and is considered delinquent for failure to do so. (Compl., at 4). The CBA states that delinquent employers are required to pay liquidated damage and all court costs, including reasonable attorney and audit fees. (Compl., at 5). Defendants are also required to furnish a bond or approved escrow account guaranteeing the employer's obligation to Plaintiffs. (Compl., at 4). The CBA states that if this bonding requirement is not met, the CBA becomes binding personally and individually upon Garcia. (Compl., at 4). Defendants did not furnish a bond or approved escrow account. (Compl., at 4). The Court finds that these deemed admissions establish that Defendants' breached the CBA they entered into with Plaintiffs.

Plaintiffs have cured the deficiencies District Judge Ericksen noted. The funds listed in the memorandum and affidavit in support of the motion, as well as the proposed order, are the same as those listed in the complaint.

Plaintiffs' motion now meets the requirements of Rule 55. The clerk of court has entered default, as required under Rule 55(a). (ECF No. 8). Plaintiffs have submitted an affidavit by Cole Metcalf, an auditor and third-party administrator for the Funds, detailing the requested damages. The Metcalf affidavit lists a total of $13,375.31 in unpaid contributions to the Funds.[1] (ECF No. 21, at 73). The Metcalf affidavit additionally lists liquidated damages, which ERISA and the CBA allow Plaintiffs to collect, totaling $1,567.13. (ECF No. 21, at 73). The Metcalf affidavit totals these numbers to $14,942.43, which the Court relies on.[2] (ECF No. 21, at 73). Plaintiffs also submitted an affidavit by Christy E. Lawrie, Plaintiffs' counsel, totaling the attorney's fees and legal costs, which ERISA and the CBA entitle Plaintiffs to collect, to $4,236.50. The Court finds these fees reasonable in light of the affidavit describing the legal services performed on behalf of Plaintiffs, the range in hourly billing rates for the attorneys who worked on the matter, the filing fees, and the service costs. The unpaid contributions, liquidated damages, and legal costs amount to $19,178.93.[3] (ECF No. 23).

---

[1] Plaintiffs' Complaint requests damages in the amount of $13,395.99 in unpaid contributions, (Compl., at 7), but the Court relies on the affidavit which gives a detailed breakdown of the unpaid contributions by fund.

[2] Plaintiffs' Proposed Order totals the unpaid contributions and liquidated damages to $14,942.44. The Court relies on Metcalf's affidavit, which totals the unpaid contributions and liquidated damages to $14,942.43, because this affidavit is the basis for Plaintiffs' damages claim.

[3] The Court does not consider interest on the unpaid contributions; ERISA allows Plaintiffs to collect the interest or liquidated damages, and Plaintiffs have chosen to pursue liquidated damages.

## III.   REPORT AND RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff be awarded $19,178.93 in unpaid contributions, liquidated damages, and legal costs.

Date: March 05, 2019                                    *s/ Steven E. Rau*
                                                        Steven E. Rau
                                                        United States Magistrate Judge
                                                        District of Minnesota